UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| ROGER WEEKS | : | |
| | : | |
| v. | : | CIV. NO. 3:13CV0232 (JCH) |
| | : | |
| CAROLYN W. COLVIN, | : | |
| ACTING COMMISSIONER,SOCIAL | : | |
| SECURITY ADMINISTRATION | : | |
| | : | |

RULING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS UNDER
THE EQUAL ACCESS TO JUSTICE ACT

On December 18, 2014, counsel for Roger Weeks moved this
Court under the Equal Access to Justice Act ("EAJA"), 24 U.S.C.
§2412(d), to authorize an award of attorney's fees in the amount
of $13,429.55. In support of the fee petition, Attorney Allan B.
Rubenstein filed an Affidavit describing the work performed on
the case and an itemized bill representing 69.1 hours of work
performed in 2013 and 2014, at an hourly rate of $189.23 for
2013 and $194.89 for 2014. [Doc. #37].  Plaintiff also seeks
reimbursement of costs in the amount of $210.  The Commissioner
challenges counsel's right to collect attorney's fees and, in
the alternative, objects to the hours sought as excessive.

1

I.   **PROCEDURAL HISTORY**

Plaintiff filed this action pursuant to §205(g) of the Social Security Act, 42 U.S.C. §405(g), to review a final decision of the Commission of Social Security denying plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Plaintiff filed a motion for an order reversing the decision of the Commissioner or, in the alternative, a remand for a new hearing. [Doc. #20]. The Commissioner moved to affirm the Commissioner's decision. [Doc. #23].  A recommended ruling was filed on August 8, 2014, denying plaintiff's motion to reverse and granting the Commissioner's motion to affirm. [Doc. #28].

Plaintiff filed an objection to the recommended ruling on September 5, 2014, raising six grounds for reversal [Doc. #34]. Defendant did not file a response.  Judge Hall sustained plaintiff's objection on one ground, and rejected the recommended ruling, granting in part and denying in part plaintiff's Motion for Order Reversing or in the alternative for remand. [Doc. #35].

The case was remanded to the Commissioner for further proceedings to explain the weight given Nurse Powell's August 2, 2011, opinion. [Doc. #35 at 12-13].  The Court added that if on remand the ALJ found no reason to discredit the August 2, 2011

2

opinion, he should re-evaluate his conclusions regarding the severity of the plaintiff's mental limitations, and if the ALJ found additional limitation, he should determine whether vocational testimony is required on that basis. [Doc. #35 at 5, 7].

## II.   DISCUSSION

### A.   Standard of Law

The EAJA provides in relevant part

> [A] court shall award to a prevailing party . . .
> fees and other expenses . . . incurred by that
> party in any civil action . . . including
> proceedings for judicial review of agency action,
> brought by or against the United States in any
> court having jurisdiction of that action, unless
> the court finds that the position of the United
> States was substantially justified or that
> special circumstances make an award unjust.

42 U.S.C. §2412(d)(1)(A).[1]  Subsection (B) provides that within thirty days of a final judgment in the action, a party seeking an award of fees must submit an application for fees, which shows that the plaintiff is a prevailing party and is eligible to receive an award, the amount of fees and expenses sought, including an itemized statement showing the actual time expended

---

[1] Judgment entered in favor of Mr. Weeks on September 30, 2014. [Tr. 35].

and the rate at which the fees were computed, and an allegation that the position of the United States was not substantially justified.  28 U.S.C. §2412(d)(1)(B).  To be eligible for an award of fees under the EAJA, an individual's net worth must not exceed $2,000,000 at the time the civil action was filed.  28 U.S.C. §2412(d)(2)(B)(i).

The Commissioner has not challenged the timeliness of the petition, or plaintiff's status as a prevailing party. Rather, the Commissioner maintains that plaintiff is not entitled to EAJA fees because the government's position was "substantially justified."  In the alternative, if this Court finds that the government's position was not substantially justified, plaintiff's EAJA request should be reduced because the number of hours plaintiff's counsel charged are excessive. Defendant also maintains that $210 in costs related to electronic research because plaintiff proceeded in forma pauperis, and the statute that permitted plaintiff to proceed in this manner also precludes plaintiff from then recovering any costs from the United States government. 28 U.S.C. §1915(f)(1); see also Maida v. Callahan, 148 F.3d 190,193 (2d Cir. 1998).

**B.   Whether the Government's Position was "Substantially Justified."**

The Commissioner argues that plaintiff is not entitled to the requested EAJA fees because the government's position was "substantially justified."  See 28 U.S.C. §2412(d)(1)(A). "The Government bears the burden of showing that its position was 'substantially justified,' and to meet that burden, it must make a 'strong showing' that its action was 'justified to a degree that could satisfy a reasonable person.'" Healey v. Leavitt, 485 F.3d 63, 66 (2d Cir. 2007) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). "To make this showing, the Commissioner must demonstrate that his position had a 'reasonable basis in both law and fact.'"  Ericksson v. Commissioner of Social Security, 557 F.3d 79 81-82 (2d Cir. 2009) (quoting Pierce, 487 U.S. at 563).  In assessing the Government's position, the Court reviews both "'the position taken by the United States in the civil action [and] the action or failure to act by the agency upon which the civil action is based.'" Healey, 485 F.3d at 67 (quoting 28 U.S.C. §2412(d)(2)(D)). "Defendant must show that its position was substantially justified as to the issue upon which this Court remanded." Lugo v. Astrue,  No. 11-CV-6028 CJS, 2012 WL 4026848, *3 (W.D.N.Y. Sept. 12, 2012) (citing Maxey v. Chater, No. 93-CV-606 (RSP/GJD), 1996 WL 492906, at *3

5

(N.D.N.Y. Aug. 28, 1996) ("The Commissioner cannot prevail by arguing that she was substantially justified in some of the positions she took if she was not substantially justified on the issue . . . that caused [the district court] to remand this case.")).

> The fact that a case is remanded does not, in and of itself, suffice to establish that the Commissioner's position and the ALJ's decision lacked substantial justification.  The substantial justification standard should not be read to raise a presumption that the Government position was not substantially justified, simply because it lost the case.  Substantial justification exists when the Commissioner's position and the ALJ's decision have a reasonable basis in law and fact.

Burgos v. Astrue, Civil Action No. 3:09-cv01216 (VLB), 2011 WL 1085623, at *2 (D. Conn. Mar. 18, 2011) (internal quotation marks and citations omitted).  Our Court of Appeals has "repeatedly interpreted the "substantially justified" standard to be essentially a standard of reasonableness."  Cohen v. Bowen, 837 F.2d 582, 586 (2d Cir. 1988).

The Court must review both the civil action and the ALJ's decision in determining whether the Commissioner's position was substantially justified. Healey, 485 F.3d at 67 (quoting 28 U.S.C. §2412(d)(2)(D)).  Here the Commissioner prevailed before the ALJ and in the Recommended Ruling, and Judge Hall agreed with most of the ALJ's decision and the recommended ruling.

Defendant conceded that the ALJ did not cite to APRN Powell's
Mental Source Statement dated August 20, 2011.

> This Court found in the Recommended Ruling that

>> the reasons provided to discredit APRN Powell's
>> January 2011, Mental Source Statement remain
>> unchanged when she completed her August 2011
>> opinion. APRN Powell's status as a non-acceptable
>> medical source remained unchanged when she
>> completed her August 2, 2011 opinion, and there
>> is no evidence in the record that ARPN Powell
>> treated plaintiff between January and August
>> 2011. A second Mental Source Statement from APRN
>> Powell on the day of plaintiff's rescheduled
>> hearing before the ALJ, is not evidence of
>> "ongoing" mental health treatment.  In weighing
>> the evidence of record, the ALJ properly
>> considered PA-C Lourenco's treatment records from
>> May 6, 2008 through February 22, 2011, despite
>> her status as a non-acceptable medical source.

[Doc. #28 at 77].  Judge Hall found that "the court cannot
speculate as to the ALJ's reasoning regarding the August 2, 2011
statement, as he provides none in his Decision" and "the ALJ's
Decision was silent as to the weight, if any, given to Nurse
Powell's August 2, 2011." [Doc. #35 at 10].  In addition, the
Court found that it appeared that the "ALJ failed to 'consider
all evidence.'" [Doc. #35 at 10 n.4].  The August 2, 2011
opinion of Nurse Powell indicates that it was mailed and faxed
to the ALJ on August 4, 2011, in which case it should have been
included in the record because, according to the hearing
transcript, the record closed on August 5, 2011. [Tr. at 31,
605]. However, the Order of the Appeals Council indicated that

7

Nurse Powell's August 2, 2011, opinion was added to the record as "additional evidence," [tr. at 4], and exhibit 13F was not included in the list of exhibits made part of the ALJ's decision. [Tr. 20-24]. On this record, there is an error of law, in that the ALJ did not properly weigh Nurse Powell's opinion, and there may be an issue of fact whether the August 2, 2011, opinion was considered by the ALJ.  "While there are various factors that may be considered in determining whether the position of the United States was substantially justified, 'if the case turns on a question of law, the government can show that its position was substantially justified even if its legal argument is ultimately rejected, if it can show that the question was close or unsettled.'"  Cooper v. U.S. Postal Service, No. 3:03CV01694 (DJS), 2011 WL 4435692, at *2 (D. Conn. Sept. 23, 2011) (quoting Segers v. Astrue, 622 F. Supp. 2d 249, 254 (E.D. Pa. 2009)). The Commissioner has not made that showing.

    **C.**   **Fee Award**

The EAJA provides for an award of "reasonable" fees and expenses. 28 U.S.C. § 2412(d)(2)(A). The statute further provides that the "amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney's fees are capped

at $125 per hour unless the court determines that an increase in the cost of living or other special factor, such as the limited availability of qualified attorneys to handle the type of proceeding involved, justifies a higher fee. Id.  Additionally, a district court enjoys broad discretion in determining what is a reasonable amount of time expended in pursuing a claim. See Aston v. Sec'y of Health & Human, 808 F.2d 9, 11 (2d Cir. 1986); New York Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1139 (2d Cir. 1983) ("As we have warned in the past, attorney's fees are to be awarded with an eye to moderation seeking to avoid either the reality or appearance of awarding windfall fees." (citation and quotation marks omitted)).

### 1.   Hourly Rate

Plaintiff seeks an hourly rate of $189.23 for 6.6 hours of work performed in 2013 and $194.89 for 62.5 hours of work performed in 2014. Defendant did not oppose these rates. The Court will accept plaintiff's counsel's certification that these rates accurately reflect the increase in the cost of living based on the Consumer Price Index. [Doc. #37 at 4].  Thus, the only issue for the Court is the reasonableness of the number of hours for which plaintiff's counsel seeks compensation.

2.   **Number of Hours Requested**

Plaintiff seeks an award of fees for 69.1 hours, for a total fee award of $13,429.55. Defendant argues this request is excessive.[2]  The Court agrees.  "In calculating what constitutes a "reasonable fee" under the EAJA, 'the district court should exclude excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims.'" Cobb v. Astrue, No. 3:08CV1130 (MRK), 2009 WL 2940205, at *2 (D. Conn. Sept. 2, 2009)  (quoting Quarantino v. Tiffany & Co. 166 F.3d 422, 425 (2d Cir. 1998) and citing Barfield v. N.Y. City Health and Hosps. Corp., 537 F.3d 132 (2d Cir. 2008)).

"'Courts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between [twenty] and [forty] hours of attorney time to prosecute.'" Poulin v. Astrue, No. 3:10CV1930 (JBA), 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012) (quoting Ledonne v. Astrue, No. 3:08CV1525 (PCD), at 7 (D. Conn. Apr. 6, 2010) and

---

[2] Defendant argues that plaintiff's requested number of hours should be limited to thirty hours, at an hourly rate of $194.89, for an award of $5,846.70.  The Commissioner next argues that that an additional reduction of ten hours is warranted due to plaintiff's "limited degree of success," for a total of twenty hours, at an hourly rate of $194.89, for a total fee award of $3,897.80.

citing <u>Cobb v. Astrue</u>, 08CV1130 (MRK)(WIG), 2009 WL 2940205, at
*2-3 (D. Conn. Sept. 2, 2009)).

Plaintiff seeks compensation for 1.8 hours to review the
Court's Order to Show Cause for failure to prosecute [doc. #14],
to file a Motion for Extension of time [doc. #15], and to review
related Court Orders regarding requests for extension of time.
<u>See</u> Doc. #37-2 (time entries August 15, 21, 22, September 16,
October 18].  The Court declines to award fees for this time.
Accordingly, the Court reduces the time sought by 1.8 hours.

Plaintiff seeks 23.2 hours to draft the Motion to Reverse
and/or Remand. It is noted that plaintiff's counsel represented
Mr. Weeks at the administrative level and did not require as
much time to acquaint himself with his medical records. The
administrative record totaled 609 pages with just 150 pages of
medical evidence. The Court agrees that the medical records were
not extraordinarily voluminous, counsel was familiar with the
record and administrative proceedings, the issues were not
overly complex and plaintiff did not raise novel questions of
law, thereby justifying a reduction of ten hours.

Plaintiff seeks compensation for 20 hours, April 21, 2014
through May 22, 2014, to review defendant's responsive pleading
and to prepare a reply brief and addendum.  [Doc. ## 26, 27].
The Court finds that a reduction of ten hours is warranted as

11

plaintiff's reply brief raises that same arguments set forth in his motion to reverse and/or remand. Plaintiff also seeks compensation for fourteen hours, August 9, 2014 through September 5, 2014, to review the Recommended Ruling and to file an objection. The Court finds that a further reduction of seven hours is warranted as plaintiff's objection raises the same arguments set forth in his motion to reverse and/or remand, and reply. The overall reduction of the fee award also reflects the limited degree of success.  See Barfield v. N.Y. City Health & Hosps. Corp., 537 F.3d 132, 152 (2d Cir. 2008) ("[W]e are mindful of the Supreme Court's observation that 'the most critical factor' in a district court's determination of what constitutes reasonable attorney's fees in a given case 'is the degree of success obtained' by the plaintiff.") (quoting Farrar v. Hobby, 506 U.S. 103, 114 (1992)).  Accordingly, the Court reduces the 69.1 hours sought by 28.8 hours for a compensable total of 40.3 hours.

### 3.   Costs

Finally, the Commissioner argues that denial of costs is appropriate because plaintiff proceeded in forma pauperis, and the statute that permitted plaintiff to proceed in this manner also precludes recovery of any costs from the United States

government.   28 U.S.C. §1915(f)(1); <u>Maida v. Callahan</u>, 148 F.3d
190, 193 (2d Cir. 1998).   The Court agrees.

## III.   CONCLUSION

For the reasons stated, plaintiff's Motion for Attorney's
Fees and Costs under the Equal Access to Justice Act **[Doc. #37]**
is **GRANTED** in part and **DENIED** in part. Attorney's fees are
awarded in the amount of $7,854.06, representing 40.3 hours of
work at an hourly rate of $194.89. The motion for costs is
**DENIED.**

This is not a recommended ruling.  This is a ruling on
attorney's fees and costs which is reviewable pursuant to the
"clearly erroneous" statutory standard of review.  28 U.S.C. §636
(b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of
the Local Rules for United States Magistrate Judges.  As such,
it is an order of the Court unless reversed or modified by the
district judge upon motion timely made.

SO ORDERED at Bridgeport this 25th day of March 2015.


_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE