**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ROGER WEEKS,<br>Plaintiff, | : | CIVIL ACTION NO.<br>3:13-CV-00232 (JCH) |
| v. | : | |
| CAROLYN W. COLVIN,<br>ACTING COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,<br>Defendant. | : | MAY 28, 2015 |

**RULING RE: OBJECTION TO MAGISTRATE JUDGE'S RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS (Doc. No. 41)**

The plaintiff, Roger Weeks ("Weeks"), objects to Magistrate Judge Holly B. Fitzsimmons' Ruling denying in part his motion for attorney's fees and costs under the Equal Access to Justice Act (EAJA) (Doc. No. 37) ("Magistrate Judge Ruling"). Weeks argues that Judge Fitzsimmons' Ruling was clearly erroneous in reducing the total number of hours requested. Memorandum in Support of Plaintiff's Objection (Doc. No. 45) ("Mem."). For the reasons set forth below, the plaintiff's objection is overruled.

## I. STANDARD OF REVIEW

Where a timely objection is filed, the court reviews a magistrate judge's ruling pursuant to a "clearly erroneous" standard. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "A district court is justified in finding a magistrate judge's ruling clearly erroneous where, although there is evidence to support it, the revieiwing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Burgos v. Astrue, 2011 WL 1085623 at *1 (D. Conn. Mar. 18, 2011) (quoting Highland Capital Mgmt., L.P. v. Schneider, 551 F.Supp.2d 173, 177–78

(S.D.N.Y.2008)). This standard of review is "highly deferential," and thus "magistrate judges are afforded broad discretion and reversal is appropriate only if that discretion is abused." Id.

## III. DISCUSSION

The court assumes familiarity with the underlying facts and procedural history of the case. Under the EAJA,

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412. The government bears the burden of showing that its position was "substantially justified." Healey v. Leavitt, 485 F.3d 63, 66 (2d Cir. 2007). In her Ruling, the magistrate judge determined that the Commissioner had not made this showing, Magistrate Judge Ruling at 8, and thus awarded fees to Weeks. However, she determined that the total number of hours requested, 69.1 hours, was excessive, and reduced the total award to 40.3 hours, Magistrate Judge Ruling at 12.[1]

"A court has 'broad discretion' when determining the reasonableness of hours expended in pursuing a claim." Beck v. Astrue, 2013 WL 3853444 at *1 (citing Aston v. Sec'y of Health and Human Servs., 808 F.2d 9, 11 (2d Cir. 1986). After reviewing

[1] The magistrate judge also determined that Weeks was precluded from recovering costs because he proceeded in forma pauperis. While plaintiff's objection concludes by asking for costs of $210, he offers no argument or explanation as to why the magistrate judge's finding to that effect is erroneous. Further, the court agrees that plaintiff is precluded from recovering costs against the United States by the in forma pauperis statute. See 28 U.S.C. § 1915(f)(1); Maida v. Callahan, 148 F.3d 190, 193 (2d Cir. 1998). Thus, to the extent plaintiff objects to the denial of costs, such objection is overruled.

the record, the court concludes that Magistrate Judge Fitzsimmon's decision to award a reduced amount to plaintiff's counsel was not clearly erroneous.

First, courts in this Circuit have consistently found that "routine Social Security cases" require, "on average," between twenty and fourty hours of attorney work. See Poulin v. Astrue, 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012); Cobb v. Astrue, 2009 WL 2940205, at *3 (D.Conn. Sept. 2, 2009); Parsons v. Comm'r of Soc. Sec., 2008 WL 5191725, at *1 (N.D.N.Y. Dec. 10, 2008) ("[In] . . . districts within the Second Circuit, the average time approved by courts for routine social security disability cases ranges from twenty to forty hours.") (collecting cases). The award for 40.3 hours falls directly at the higher end of this range.

Second, in reducing the time spent drafting a Motion to Reverse and/or Remand by ten hours, Judge Fitzsimmons noted that plaintiff's counsel had represented him at the administrative level and was familiar with the record and administrative proceedings, that the medical records were not "extraordinarily voluminous," that the issues were not overly complex, and that plaintiff did not raise novel questions of law. Magistrate Judge Ruling at 11. The court cannot say that the decision to reduce the award for this reason was clearly erroneous. See Rodriguez v. Astrue, No. CIV308CV00154 (JCH) (HBF), 2009 WL 6319262, at *3 (D. Conn. Sept. 3, 2009) (in determining whether fees in excess of the average are reasonable, "[r]elevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings"), modified on other grounds, 2010 WL 1286895 (D. Conn. Mar. 29, 2010). It was the plaintiff's burden to

demonstrate that the requested fee was reasonable, and the magistrate judge's determination that he had not done so was not clearly erroneous. See Cobb v. Astrue, 2009 WL 2940205 at *3 (D. Conn. Sept. 2, 2009).

The magistrate judge also reduced the time spent to review and prepare a reply brief from twenty to ten hours, since the reply raised the same argument set forth in the motion to reverse and/or remand. Similarly, she reduced from fourteen to seven hours the time spent to review the Recommended Ruling and file an objection by seven hours, based on her determination that the objection "raise[d] the same arguments set forth in [plaintiff's] motion to reverse and/or remand, and reply." Magistrate Judge Ruling at 12. These reductions were not clearly erroneous.[2] See Cobb, 2009 WL 2940205 at *2 (in calculating a reasonable fee under the EAJA, "the district court should exclude excessive, redundant, or otherwise unnecessary hours").

Third, the magistrate judge's determination that "the overall reduction of the fee award also reflects the limited degree of success," Magistrate Judge Ruling at 12, was not clearly erroneous. In Cobb, the court found that the requested fee was not "reasonable" under the EAJA in light of, among others, "counsel's limited degree of success." Cobb, 2009 WL 2940205 at *2-3. Plaintiff argues that this case is distinguishable from Cobb because "[i]n Cobb, the Court, unlike here, found that . . . the defendant Commissioner was 'substantially justified' in defending the case," and thus that "the Court had the authority to deny a fee under the EAJA entirely" when it awarded

---

[2] The Ruling also declined to award fees for 1.8 hours spent reviewing the court's Order to Show Cause for failure to prosecute, filing a motion for extension of time in response, and reviewing related Court Orders regarding requests for extension of time. Plaintiff's objection does not appear to challenge this reduction; however, it is also not clearly erroneous.

an amount less than requested. Mem. at 2. As noted in the defendant's Reponse, this position is incorrect. The court in Cobb expressly found that the government's position below – i.e., the position of the ALJ – "was not substantially justified," and thus that the plantiff was entitled to fees, albeit reduced.[3] Cobb, 2009 WL 2940205 at *2. Contrary to plaintiff's argument, the cases cited in his objection do not preclude consideration of the plaintiff's degree of success in assessing the reasonableness of his fee.[4]

Finally, plaintiff's argument that the magistrate judge's ruling is clearly erroneous in that it failed to distinguish another social security case, Stanchfield v. Astrue, 2012 WL 1069174 (D.Conn. Mar. 29, 2012), where a higher fee award was found to be "reasonable," is unavailing. See Mem. at 3-4. As previously discussed, the magistrate judge's determination that a reduction in hours was warranted was not clearly erroneous, and the court enjoys broad discretion in determining whether a fee is reasonable. The magistrate judge was not required to distinguish every case where the court concluded that, on the facts of that case, a higher award was reasonable.

---

[3] In determining whether the government has met its burden of showing that its position was substantially justified, the court must review both the government's position in the civil action as well as "the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D).

[4] The majority of the cases cited on pages 5-7 of plaintiff's objection primarily address whether fees may be awarded although the government's position was "substantially justified" on some issues, not whether the degree of success may be taken into account in determining whether the total fee is "reasonable." Indeed, one of the cases cited by plaintiff explicitly states that "the most critical factor in determining the reasonableness of a fee award is the degree of success obtained." Mastrio v. Sebelius, 2013 WL 1336838, at *9 (D. Conn. Mar. 29, 2013) (citing Farrar v. Hobby, 506 U.S. 103, 114 (1992)).

## IV. CONCLUSION

After reviewing the record, the court cannot conclude that Judge Fitzsimmons' findings were clearly erroneous. Thus, the plaintiff's Objection to the Magistrate Judge's Ruling on Plaintiff's Motion for Attorney's Fees and Costs under the EAJA (Doc. No. 41) is **OVERRULED**.

**SO ORDERED.**

Dated this 28th day of May, 2015, at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge